Argument not to exceed 15 minutes per side, Mr. Piston, you may proceed for the appearance. Good morning. Good morning, Your Honor. The Department of Labor has not disputed that the general rule pertaining to investigations into an employer's compliance with the DOL regulations pertaining to labor condition applications or LCAs. Are you Mr. Piston? I am, sorry, Your Honor. I'm representing the Broadgate Inc. I listened to your speech. You've got to give us a chance to catch up. I heard your speech about wanting me to get right to the point, so I thought I'd get right to the point. Would you like rebuttal or not? Yeah, five minutes rebuttal. All right. Okay. So the Department of Labor has not disputed that the general rule pertaining to investigations into the employer's compliance with DOL regulations pertaining to labor condition applications or LCAs is as set forth by the Eighth Circuit in Greater Missouri Medical Pro-Care Providers v. Perez where it said, Section 1182 N2A of the statute expressly ties the Secretary's initial investigatory authority to the complaint and those specific allegations respecting an employer's alleged failure to meet a condition specified in the LCA or the employer's misrepresentation of material facts in such an LCA for which the Secretary finds reasonable cause to believe the employer committed the alleged violation. Read naturally, the Secretary's authority to conduct an initial investigation under Section 1182 N2A is based upon the Secretary's finding a reasonable cause to believe that the employer's specific misconduct as alleged in the complaint violates the INA. Okay. On this issue, I mean, it's true that there was a relatively narrow ground for the investigation, but correct me where I'm wrong. The investigating officer, whatever the title is, was entitled to get the file that he got under the term, I mean, within the scope of the original investigation and then it's in looking at that file that he discovers, you know, what you could call probable cause or whatever for an additional violation, and that's how this expands. And the regulations expressly provide for that, Your Honor. The regulations expressly provide that if the Department of Labor investigator discovers new facts, he is to A, notify the employer of the new violation, B, give the employer 10 days to respond, C, make a determination as to whether or not the additional investigation should be recommended to the Secretary of Labor, D, refer the matter to the Secretary of Labor, and then the Secretary of Labor must make a specific and detailed determination that there is a reasonable cause for that additional investigation. All right. None of that was done here. Okay. Well, I guess we'll hear what the government thinks about that. I'm, frankly, more interested in your delegation argument, but, you know. Well, I'd be more than happy to respond to that as well. So what section of the APA is it that says it's the burden of the proponent of an order to show that it's lawful? I mean, it's kind of like your brief, but the pagination is messed up. I'm sorry about that. That's all right. It's 5 U.S.C. 556D. 556D. You don't happen to have that in front of you, do you? I bet I do. Well, anyway, I'll save that. I don't mean to take your way. You know, something might be 555.6 or it might be 555. I don't have it here. I'll tell you what. Why don't you give us the words on rebuttal, but the thrust of it, right, is that whoever the proponent of somebody who wants to enforce an order of an agency has to show that it's lawful. They have the burden of proof. Right. That's the phrase. The burden of proof. There's an exception to that, but there's an exception for if there's a statutory exception provided. Now, here, the whole issue is that there's absolutely no evidence. Administrative law judge found that there was absolutely no evidence whatsoever that the administrator ever delegated to the Detroit district director his authority, her authority, to issue violent determinations. I mean, the way you put it is that the trail of delegation runs out. It goes from the secretary to somebody, and then it goes to this administrator person. But it runs out there, and it does not reach down to the district director who actually makes the relevant determinations here. Yes, and I'd like to emphasize it's not me that's saying this is the administrative law judge. Right, so the ALJ makes that. Okay. So we have this presumption of regularity, right? We have this non-statutory presumption of regularity. I get your point about non-statutory. So what, in your view, and it's not a particularly well-defined doctrine by any means. It's sort of just smeared all over the place with regard to different kinds of actions and officials and so on. Maybe yes, maybe no. What do you think ought to be its import in this case with respect to the respective burdens that the parties had? As the Supreme Court stated in the last time it addressed this issue, the burden of proof includes both the burden of moving forward and the burden of persuasion. As with the Supreme Court said in Kentucky community. Kentucky River? Kentucky River community. Now, that was dicta, but the Sixth Circuit has held that it is bound by Supreme Court dicta. I guess the question is why doesn't the presumption of regularity satisfy the burden of production for the government in showing that it has the delegated authority here? Because it's not statutory, and therefore the APA specifically says they can't rely on it. The APA says that you cannot rely upon judge-made exceptions to the, you cannot rely upon judge-made exceptions here. The presumption of regularity is a doctrine that predates the APA? It's a quite old doctrine, yeah, which makes it all the more clear. Why couldn't we just assume that that common law doctrine is imported into the statute? In other words, you're assuming that Congress contradicted itself, that it was aware of this common law doctrine, and yet it specifically said that we're only going to allow statutory exceptions, yet in its mind it said, but we're also going to allow common law doctrines. That would be a direct contradiction to the statute, Your Honor. So it's this 556 provision, right, that assigns a burden of proof, and it's my recollection, too, but I don't have it in front of me. So the section says subject to statutory exceptions, right? Right. So you're saying that this burden or this presumption of regularity can't alter the burdens at all? Right. Is that what you're saying? Right. That's exactly what I'm saying. You're to the point. And I would like to add that this issue has never been disputed. Neither the ARB nor opposing counsel or the district court below has ever disputed that the APA precludes uses of non-statutory burden of proof. Their whole argument has been from day one that the burden of proof. Well, it's not altering the burden of proof, ultimate proof. It's just satisfying an initial obligation to come forward with evidence. That's what we call the burden of production, and that's what the Supreme Court ruled belongs to the proponent of the argument. The Supreme Court said in dicta that the burden of proof includes both the burden of going forward or the burden of production and the burden of persuasion, both. You know, in McDonnell Douglas, that burden shifting regime, Title VII, the first, you know, it goes back and forth. And the first thing, the plaintiff must lay out a prima facie case. And then I think it's the, and if the plaintiff does so, then it's the employer's, the employer has a burden of production, right? Which is, I mean, look, this is an immigration case, so it's not fair. But it's a burden of production, and I think it's so-called upon the employer to articulate a reason, a legitimate reason for the decision. And then if the employer does so, the burden of persuasion rests with the plaintiff to show by preponderance that there was a bad reason, it was discriminatory. And so my point is that it would seem like in that regime, the burden of production is separated from the burden of persuasion. Well, the Supreme Court disagreed. The Supreme Court stated in Kentucky Community that the burden of proof includes both the burden of production and the burden of going forward. What was the issue that, what was the factual issue there? I mean, it wasn't an immigration case, right? No, it was not. It was an APA case. It wasn't under the statute. It was a 556 case? Was it under the statute? It was under the APA, yes. The same burden of proof? No, this was an APA case. Okay. So I think it really comes down to a very simple question. Does this court feel itself bound by Supreme Court dicta? And, of course, as we say in our brief, there's a 2010 case, something ACLU, I forget, which said that this court is bound by Supreme Court dicta. Now, the Secretary has cited some cases since that which says no, they're not. But, of course, this court falls. We know how to navigate Supreme Court dicta. Okay, great. Okay, Mr. Piston, you can use your five minutes rebuttal now or you could reserve it. Well, I'd like to reserve it. Thank you. All right. Okay. Good morning. No, it's up here. Oh, thanks. May it please the Court, Chris Doyle on behalf of Julie Hsu, Acting Secretary of the Department of Labor. Broadgate does not dispute that it violated the Immigration and Nationality Act by willingly failing to notify American workers of its intent to hire international workers. under the H-1B program. Instead, the company seeks to evade the consequences of those violations by asking the court to impose a new duty on the department to produce evidence in every case that the official who issued a determination letter was delegated authority to do so. Oh, okay. So, well, this comes from the APA, right, which is law. So they're invoking law. They're not just evading. They're invoking law. The APA says that the, I don't have it, but the proponent of an order bears the burden of proving its lawfulness or whatever it is, right? I think just the proponent of the order bears the burden of proof. Okay. You're the proponent of the order. That's correct. Right? So you bear the burden of proof. That's correct. Now, this isn't an element, and the proof of what? Of the order's legality? That's a great question, Your Honor. And, no, not as to, I don't, I think that's. What else would it be? It's the proof of the matters affirmatively asserted by the proponent in the order. And if the best explanation of that comes from the Greenwich Colliery's case, where the Supreme Court took a deep dive into what exactly burden of proof means in Section 556. And if you look, they cite evidentiary treatises and, you know, the whole context of the enactment of 556. And the Supreme Court finds. So it's persuasion. Yes, the burden of persuasion as to matters affirmatively asserted by the proponent. Well, okay. And so, but there's this distinction between that, I guess, and affirmative defenses, on the other hand, that kind of thing. Yes, yes. Yeah, okay. And there might be some space in between, right? There might be. Right. I mean, this seems to me more in the nature of, say, the requirement to show personal jurisdiction. It's like a jurisdictional fact that must be shown. I mean, if there is no delegation by the Secretary to the individual who's coercing or, you know, fining whatever, then that's unlawful, right? Right. That's unlawful. That's right. And so normally, like with personal jurisdiction, normally it's not even contested, right? Right. Absolutely. And so in a civil case, in a diversity case, I mean, or in state court, I mean, usually the plaintiff doesn't have to make an affirmative showing that the defendant is subject to personal jurisdiction of the court, right?  But if the defendant, well, if the plaintiff somehow puts that in issue, creates doubt as to it, like, well, wait a minute. You know, my client's in Thailand, and the plaintiff bought this in Singapore and then brought it back and got hurt, right? Right. So they make some kind of demonstration that prima facie there might be a problem with this thing that normally isn't proved. And I guess, and my question is, why hasn't the plaintiff, I'm sorry, the petitioner here done that? When they say, as we just discussed, hey, you know, if this person's like ultra vires, hasn't been delegated this authority, then that's unlawful. And as the ALJ said, I mean, they're not making it up. The ALJ says that the line of delegation runs out above the director who issues these orders. So why doesn't this put this in issue? To do what should be an extremely simple thing for the government, presumably, if the delegation happened, give us some proof so we don't have to be reading Greece and be in this appeal talking about this. Just give us proof of delegation. It could be a document. It could even potentially be like an affidavit that says I did this. So why shouldn't you bear that burden given that the APA, a statute, that loaf of bread says now we actually enforce. You know, it's kind of an indication. Why shouldn't you just have that very modest burden? I would say, again, just sticking to the language of the way Greenwich Colliery has discussed burden of proof is to matters affirmatively asserted. So here the matter affirmatively asserted was that Broadgate did not adhere to the notice regulations. So those are the matters affirmatively asserted. But I will turn to the next question, which is did Broadgate do enough here to put that at issue? Sometimes we have to step back and ask ourselves is what we're doing here doesn't make any sense. And how are the world's Broadgate going to have evidence, knowledge of the delegation? They can't pry. I mean, they don't originate any of this. It's done within the department. The department has all the knowledge. Why would we ever assign to them, and it's proving a negative, prove that there wasn't a delegation based on information not within your possession or control? That's where this is leading. I mean, if we read it, and the APA says, you know, proponents got to show it's lawful. So what? I mean, this is not unreasonable. Why wouldn't we just say, okay, you have to just give us some proof of delegation and we'll stop? Right. I'll answer. I was going to turn to those practical questions next, Your Honor. As an initial matter, Broadgate had discovery measures available to it before the ALJ hearing and did not raise the issue of delegation until after discovery, so could have sought proof of delegation during the discovery period and did not do so. The ALJ makes note of that in his order. Again, furthering the practical point. You could take a deposition and ask the administrator what their basis of authority is. I'm not sure precisely what discovery measures were available. I know that at least interrogatories or document production. But interrogatory, asking the department, where do you get this power to do that, would have satisfied it. So it would not have been hard. Right. That's the department's position here. It would not have been hard to discover this if the issue had been raised during discovery before the ALJ. As a secondary practical matter, the department actually did offer evidence of delegation here. It was not ultimately accepted by the ALJ, but they did put forth pieces of evidence.  There was a position description showing what the district director is supposed to do, which included that the district director is responsible for enforcement operations within the district. That's not- Well, who prepared that? That comes from, I would say, the highest levels of authority within the department. It's a position description. Okay. Well, that's sort of indirect evidence. Right. Absolutely, Your Honor. Evidence isn't nothing. And I think that shows, to turn to the discussion of the presumption of regularity, that shows- Why don't you just get direct evidence? There's really a dog that doesn't bark here. I mean, like, here we are. The government's writing briefs. It loses in front of the ALJ. I mean, Your Honor, let me just bring an end to this. Look, here it is. What if there really was a delegation? I totally understand that practical point, Your Honor, because we as lawyers are thinking of this as, there must be a particular signed piece of formal paper for there to be a delegation. Or somebody said I delegated it. Right. Yeah, you guys do this. To answer another one of Your Honor's questions, why couldn't the department just offer an affidavit, I believe during the ALJ proceeding there was an affidavit offered from the district director saying she had authority. That was, I think, excluded as hearsay by the ALJ, who preferred, I think, to have live testimony from the district director. Again, showing this would not be just some minimal burden to do. We're talking about potentially live testimony from the district director in every single case, just saying, yes, I was delegated authority. And, again, as an even further practical point, this issue can be shifted back to the department where there is reason to doubt, where there is initial evidence of lack of delegation. But how would they come up? Well, would that be after discovery or something? Yes, I believe in discovery and what you might find. I think there's reference to you might find a position description that doesn't include this duty or you might find that delegation was given to somebody else, for example. No, those are very thoughtful answers. So it could be that description. Could it be, you know, they say by an interrogatory, as Judge Griffin was suggesting. Right. Give us, you know, whatever records you have of delegation and, you know, and the answer is we don't have any. Would that be enough to put it in issue? I think so, at least to perhaps satisfy that initial, the burden of production. Perhaps in some weird fact. Yes, absolutely. I think so. Okay. That's fair. All right. You've been a good sport with this. Thank you. No, I find it very interesting. It's going out of my mind. It's like, why don't you just put something in the record and put this to an end? I understand that instinct, Your Honor. I think the more deeply you delve into it, the more complex it is, unsurprisingly. And ultimately, right, as I mentioned, there was evidence put forward. It's a lot more complicated than it seems at first glance. What about his second issue that he actually brought up first about the scope of the investigation? Right. There, the district judge properly concluded that the scope of the investigation here complied with the statute and relevant regulations. That's because the initiating wage complaint referred to both the prevailing and actual wage, which required the investigator to seek these public access files. And once he reviewed the public access files, noted the lack of notice documentation, giving reasonable cause to investigate that issue as well. Therefore, the investigation was properly expanded at that point to cover the notice violations. And I would note for the record that the issue discussed about the particular method of an expansion, where Broadgate has cited, I believe it's 655.807, and suggesting that that's the only method that the department can use to initiate an investigation when new information comes to light. That's, as an initial matter, forfeited because it was raised for the first time in Broadgate's reply brief. It also was not raised before the district court below. It's also wrong as a practical matter. Nothing in 807 precludes the department from expanding and initiating an existing investigation when new evidence comes to light. Getting back to the burden of proof issue, what's your response to plaintiff's argument that we are bound by the dicta of the Supreme Court, which stated that burden of proof means burden of production and burden of persuasion? Right. I think that's, at best, a murky proposition. The statement in ACLU v. McCleary, that's the Sixth Circuit case that Broadgate offers to say that Supreme Court dicta is binding. The rule in that case is not absolute. It says unless there is substantial reason to depart. It also says what you should consider binding is considered dicta. So one of the cases it cites says what you should follow is considered Supreme Court dicta, which I would assert that the dictum in Kentucky River is not. It is absolutely not considered dicta. It's a passing comment. It was not at issue at all in Kentucky River whether the term burden of proof meant burden of production. In fact, that's an NLRB case, so they were referring to the APA section only offhand or as a sort of reference. So the APA doesn't apply to the NLRB? It wasn't directly implicated by the rule. My recollection is that it wasn't directly implicated. It was sort of as an allusion to the 556. Okay. And again, what the Supreme Court was doing in that case was looking to determine whether burden of proof included burden of persuasion. And that wasn't even the ultimate issue. They ended up saying that the issue could be, the burden of proof could be with the opponent in that case because the issue was something more like an affirmative defense, which is sort of like the other issue, the other way we're thinking about this. To put this all in context, the department in this case fulfilled its statutory duty to investigate a complaint made by an H-1B worker. And while doing so, it uncovered evidence that Broadgate failed to post required notices at the employees' actual work sites. And the law mandates that these notices to protect the rights of American workers in Broadgate was properly sanctioned for failing to post them. Unless there are further questions, the department respectfully asks the court to affirm the decision below. Any further questions? Nope. Thank you for your argument. Thank you. Rebuttal, Mr. Piston? Yes, Your Honor. Okay, first of all, number one, yes, we raised this in reply, but we raised it in counterpart to their response. Our argument was exactly as I laid out for you at the beginning, that the general rule is that the complaint must be based upon, the investigation must be limited to the terms of the complaint. Then they came back and said, but there's an exception. And the exception is when the investigator finds out new evidence in the course of his investigation. Then we came back in reply, which is what a reply is for, to refute their response to our argument. Okay, so this is not us raising new arguments. Our argument is that the investigation should be limited to the terms of the complaint. So this went to the ALJ and then the board before the district court? Yes. And so did you tell the board this? They did not even raise that argument. The board just didn't even raise the argument. But as a matter of fact, the answer to your question is yes. Yes, in fact, we did. We did raise this argument. This reg that you're talking about where they have to go through this big process to expand it? Well, as a matter of fact, what we did is we referred to the statute, which says pretty much the same thing as the reg. The reg is a little bit more detailed. But we actually referred to Section 12 in one of our briefs, and we referred to Section 1182, N2G, small Roman numeral 2. And so we did raise this before the ARB. Now, first of all, number one, the administrative law judge gave the government ample opportunity to establish that a delegation occurred. Now, in fact, the ALJ pretty much ran with this argument. The ALJ got quite excited about this argument. If you read his decision, he's just going on and on and on about this issue. And he said, and he did give them ample opportunity to provide additional evidence of delegation. They came up with nothing. I thought Mr. Boyle, or Doyle, I apologize, right? Doyle? Mr. Doyle said that they gave an affidavit from. . . And the judge said it was irrelevant. Why was it irrelevant? Because it did not provide any evidence of delegation. What did it say? I don't recall off the top of my head, but if you read the ALJ's decision, you'll find a detailed discussion of it and why it didn't meet. And here's the most important thing, Your Honor. This argument is barred by the Chenery Doctrine. I'm right here, so you don't have to yell. I'm sorry. Are you talking about Opinion 1 or Opinion 2? Opinion 1. Okay. But this argument is actually barred by the Chenery Doctrine because the ARB did not in any way claim that any evidence was presented establishing that there was a delegation. So this Court cannot actually even consider that argument. Which argument? The argument that there actually was evidence that there was a proper delegation. How come you didn't ask, could you have sought discovery on this? Or did the ALJ bring this up? Why did I need to ask it when the ALJ was asking it? Well, it would be a nice way to get, you know, use some compulsory power to get them to provide you documents, for one thing. The ALJ ordered them. I don't see how we could get much more compulsory than that. Where did the ALJ, where is this order embodied? It's in the first decision. All right. You got a page number? Okay. It's pretty long. So I'll work with you here. You know, if you really want, if you want to give me a minute, I can find it for you. No, that's all right. Or I can, I can see it. Okay, sit down. Yeah. But it won't be hard to find. He went on and on about this issue. Okay? He emphasized it. And also it's in our brief. It's in our opening brief, the exact citation where that is discussed. So here we've got the ALJ ordering the government to come up with evidence of a delegation. They couldn't because it never happened. There was no delegation. Simple as that. Matter of fact, I've raised this issue with other LCA cases since that time, and they still have not been able to produce any kind of delegation to this day. Might want to ask for discovery. We asked for discovery and the ALJ refused it. But that's a different case. In any event, in this case we don't need to ask for discovery because the judge is ordering the discovery. Okay. Counsel, I see you're out of time. Okay, thank you. Sorry for raising my voice. That's all right. Thank you for your arguments. The case will be submitted. Thank you.